# NO. 12-22-00182-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DYLAN LEDALE MADKINS,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Dylan Ledale Madkins appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify the trial court's judgment and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of methamphetamine in an amount of one gram or more, but less than four grams, a third-degree felony.[1] The indictment included one felony enhancement paragraph, which alleged that Appellant was previously convicted of possession of a controlled substance. Appellant pleaded "not guilty," and the case proceeded to a jury trial.

Sergeant Austin Taylor McDonald of the Nacogdoches County Sheriff's Office testified that he and his partner stopped a vehicle driven by Appellant because the headlights on the vehicle were not sufficiently bright and the vehicle drove onto the improved shoulder. Appellant informed McDonald that he possessed a pocketknife, but McDonald did not feel a knife while

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West Supp. 2022).

patting down Appellant. Appellant consented to McDonald searching his pockets, and McDonald found a pouch that contained methamphetamine, marijuana, and pills. Robert John Prince, Jr., a forensic scientist with the Texas Department of Public Safety Crime Lab, testified that testing revealed that the substance recovered from Appellant's possession was methamphetamine in the amount of 2.08 grams.

Following the presentation of evidence and arguments of counsel, the jury found Appellant guilty of possession of a controlled substance as charged in the indictment, and the matter proceeded to a trial on punishment. Appellant pleaded "true" to the enhancement paragraph, and the jury ultimately assessed punishment at twenty years of confinement.[2] The trial judge sentenced Appellant in accordance with the jury's verdict. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. Counsel further states that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[3] We likewise reviewed the record for reversible error and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We note, however, that the trial court's written judgment incorrectly reflects that Appellant pleaded "not true" to the enhancement paragraph. We have the authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the judgment's recitation of Appellant's plea to the enhancement paragraph, we conclude that the judgment should be modified to reflect that

---

[2] *See* TEX. PENAL CODE ANN. §§ 12.34, 12.42(a) (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

Appellant pleaded "true" to the enhancement paragraph. *See* TEX. R. APP. P. 43.2(b); ***Bigley***, 865 S.W.2d at 27-28; ***Asberry***, 813 S.W.2d at 529.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment ***as modified***. *See* TEX. R. APP. P. 43.2(b); ***Bray v. State***, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that appellate court has authority to reform judgment in an ***Anders*** appeal and to affirm that judgment as reformed).

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a pro se petition for discretionary review. *See* ***In re Schulman***, 22 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-22-00182-CR**

**DYLAN LEDALE MADKINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1723089)

---

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJDUGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant pleaded "true" to the enhancement paragraph; in all other respects, the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*